IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RAFAEL VALDERRAMA, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:09CV618 |
| | ) | 1:07CR200-3 |
| Respondent. | ) | |

Petitioner Rafael Valderrama, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 390).[1] On August 6, 2007, Petitioner pled guilty to one count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of smuggling currency to a destination outside of the United States in violation of 31 U.S.C. § 5332(a)(1) and (b)(1) (docket nos. 167, 170). He was later sentenced to 235 months of imprisonment on the conspiracy charge and a concurrent sixty months of imprisonment on the smuggling charge (docket no. 371). No direct appeal was filed. Instead, Petitioner submitted his current motion under § 2255. Respondent has now filed a response (docket no. 397) and the matter is before the court for a decision on Petitioner's motion.

---

[1]This and all further cites to the record are to the criminal case.

**DISCUSSION**

Petitioner raises two claims for relief in his § 2255 motion. The first is that counsel failed to file an appeal even though Petitioner instructed him to do so. Although Petitioner does not label it as such, this is a form of ineffective assistance of counsel claim. The second claim is that Petitioner's guilty plea was invalid because of ineffective assistance of counsel.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Regarding Petitioner's first claim, he asserts that, following sentencing, he instructed counsel to file an appeal; however, no appeal was ever filed. In an

accompanying affidavit, Petitioner adds that the request to file an appeal occurred just after sentencing. He believed then that an appeal would be filed. Petitioner was later transferred to a federal prison. He states that sometime before June 9, 2009, he contacted his daughter to give her his new prison address and to have her contact his attorney to check the status of his appeal. Then, on June 15, 2009, he received a letter from his attorney which was dated June 9, 2009, and which stated that no appeal had been filed (docket no. 391, ex. 1).

The Supreme Court has held that the dual performance and prejudice inquiry of *Strickland* provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The *Roe* Court reaffirmed that a defense attorney's performance falls below an objectively reasonable standard if he disregards the defendant's specific instructions to file a notice of appeal which defendant wants at the time and to which the defendant has a right. *Id*. at 477. Nevertheless, if a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, and if counsel consulted with the defendant about an appeal, counsel performs unreasonably only by failing to follow the defendant's express instructions with respect to an appeal. *See id.* at 478.

Here, Petitioner's claim is mainly focused on his contention that he instructed counsel to file an appeal; however, Respondent points out a more serious problem. The judgment in the case was filed on March 17, 2009. Petitioner's former attorney

has submitted an affidavit denying that Petitioner ever instructed him to file an appeal. He states instead that, upon receipt of the judgment, he mailed copies to Petitioner and his daughter. However, the mailings were returned. He then did not hear from Petitioner until June 9, 2009, when Petitioner's daughter provided Petitioner's address and told him that Petitioner wanted to file an appeal. The attorney has attached as an exhibit a copy of the letter he attempted to send to Petitioner on March 20, 2009. Both that letter and the envelope, which is stamped as being returned for being undeliverable, are addressed to Petitioner at 628 Delaware Avenue in Burlington, North Carolina (docket no. 397, ex. A). Of course, Petitioner was not at that address, but was instead in the custody of the United States Marshals Service, where he had been since June 20, 2007 (docket no. 94).

Respondent concedes a number of points and, in the end, agrees that Petitioner is entitled to relief on his first claim for relief. It notes first that Petitioner had objected to certain sentencing enhancements and that this could have provided Petitioner with non-frivolous grounds for appeal. That, in turn, triggered a duty on the part of his attorney to consult with Petitioner regarding an appeal. The attorney never states that he did this. Further, the facts as just set out show that he did not even provide Petitioner with a copy of the judgment in a timely fashion, but instead mailed a copy of the judgment to an address Petitioner not longer used. Therefore, Respondent concludes that Petitioner should be granted relief as to his first claim.

The undersigned agrees with Respondent's conclusion. Petitioner can establish an ineffective assistance of counsel claim based on a failure of his attorney to properly consult with Petitioner concerning the filing of a direct appeal in the case. Therefore, Petitioner should be appointed new counsel and given a new period of time to file a direct appeal. He may file that appeal if, after consultation with counsel, he determines that filing an appeal is in his best interest.

As for Petitioner's second claim for relief, Respondent asks that it be dismissed without prejudice based on the granting of Petitioner's first claim for relief. The undersigned agrees that this is the best course of action in the circumstances of this case. Petitioner can pursue his second claim, if necessary, after his appeal has concluded or after his new time for filing an appeal has run if he decides not to file an appeal.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 390) be **GRANTED** as to Claim One and **DISMISSED** without prejudice as to Claim Two and that Petitioner be appointed new counsel and given a renewed period of time in which to file a notice of appeal.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
December 22, 2009